**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHELLY L. BRYANT,**

            **Plaintiff,**

**-vs-**                                        **Case No. 6:12-cv-1925-Orl-28KRS**

**FLORIDA DEPARTMENT OF REVENUE**
**and ORANGE COUNTY CLERK,**

            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **December 28, 2012** |

Plaintiff Shelly L. Bryant, acting *pro se*, filed a complaint against the Florida Department of Revenue and the Orange County Clerk of Court. Bryant alleges that, in 1994, a state court in Pennsylvania issued a child support order finding that he was the father of children living in Pennsylvania and requiring him to pay child support. The mother of the children filed an action in Florida under the Uniform Interstate Family Support Act, Chapter 88, Fla. Stat., to enforce the child support order. Bryant alleges that the Circuit Court for the Ninth Judicial Circuit held a court proceeding in the enforcement case without service of process on him or other notice and without an

opportunity to be heard, and that the court issued a writ of bodily attachment against him for failure to pay child support and issued a writ of garnishment of his wages.

Bryant contends that the Pennsylvania child support order is not valid, that the Florida court does not have subject-matter jurisdiction or personal jurisdiction over him, and that Defendants have deprived him of due process and violated the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B. Plaintiff seeks to proceed with this case *in forma pauperis.*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Bryant's complaint fails to state a claim on which relief can be granted and fails to show that this Court can exercise subject-matter jurisdiction. The claims for equitable relief from the collection efforts approved by the Florida court must be dismissed on *Younger* abstention grounds. *See id.; Turbeville v.*

*Office of Child Support Enforcement of the State of Fla.,* No. 5:07-cv-195/RS/EMT, 2007 WL 2728367 (N.D. Fla. Sept. 17, 2007), *adopted*, No. 5:07-cv-195/RS/EMT, Doc. No. 8 (Feb. 14, 2007).  To the extent that the Florida court has ruled against him, he must seek relief from the Florida District Court of Appeal, not from this Court.  *See Alexander v. Lubbe*, No. 5:10cv209/RS/CJK, 2012 WL 2974778, at * 9-11 (N.D. Fla. April 16, 2012), *adopted*, 2012 WL 2970522 (N.D. Fla. July 20, 2012).

Ordinarily, a *pro se* plaintiff should be given leave to file an amended complaint to state a claim on which relief can be granted.  In the present case, however, leave to amend is not warranted because Bryant's claims are not properly before this Court.

Accordingly, I **recommend** that the Court **DISMISS** the case and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2.  I **further recommend** that the Court, thereafter, **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2013.

              *Karla R. Spaulding*
              KARLA R. SPAULDING
            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy